**2021 WI App 71**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:        2020AP1942

†Petition for Review Filed

Complete Title of Case:

STEPHAN B. NORDSTROM, IN HIS CAPACITY AS TRUSTEE FOR THE
STEPHAN B. NORDSTROM LIVING TRUST, GRAYCLIFFE LLC, CARL M.
CURRY, IN HIS CAPACITY AS TRUSTEE FOR THE CARL M. CURRY
DECLARATION OF TRUST DATED SEPTEMBER 28, 2001 AND CYNTHIA
M. CURRY, IN HER CAPACITY AS TRUSTEE FOR THE CYNTHIA M.
CURRY DECLARATION OF TRUST DATED SEPTEMBER 28, 2001,

     PLAINTIFFS-RESPONDENTS,

    V.

STEVEN G. KANE, JACQUELINE KANE AND COTTAGE ROW
PROPERTIES, LLC,

    †DEFENDANTS-APPELLANTS.

| | |
|---|---|
| Opinion Filed: | September 28, 2021 |
| Submitted on Briefs: | May 25, 2021 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Nashold, JJ. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendants-appellants, the cause was submitted on the briefs of *Jon R. Pinkert* and *Tyler D. Pluff* of *Pinkert Law Firm LLP*, Sturgeon Bay. |

Respondent

ATTORNEYS:        On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Adam E. Witkov*, *Thomas O. Gartner* and *Alexander M. DeGuire* of *Michael Best & Friedrich LLP*, Milwaukee.

**2021 WI App 71**

**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 28, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1942**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CV132

**IN COURT OF APPEALS**

STEPHAN B. NORDSTROM, IN HIS CAPACITY AS TRUSTEE FOR THE STEPHAN B. NORDSTROM LIVING TRUST, GRAYCLIFFE LLC, CARL M. CURRY, IN HIS CAPACITY AS TRUSTEE FOR THE CARL M. CURRY DECLARATION OF TRUST DATED SEPTEMBER 28, 2001 AND CYNTHIA M. CURRY, IN HER CAPACITY AS TRUSTEE FOR THE CYNTHIA M. CURRY DECLARATION OF TRUST DATED SEPTEMBER 28, 2001,

   PLAINTIFFS-RESPONDENTS,

 V.

STEVEN G. KANE, JACQUELINE KANE AND COTTAGE ROW PROPERTIES, LLC,

   DEFENDANTS-APPELLANTS.

APPEAL from a judgment of the circuit court for Door County: KEITH A. MEHN, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Nashold, JJ.

¶1    STARK, P.J. Steven Kane, Jacqueline Kane, and Cottage Row Properties, LLC, appeal a summary judgment granted in favor of Stephan Nordstrom, Graycliffe LLC, Carl Curry, and Cynthia Curry (collectively, "the Objectors"). Cottage Row Properties—of which Steven and Jacqueline Kane are the sole members—owns a parcel of land in Door County known as Tract 54. Cottage Row Properties attempted to convert Tract 54 into a site condominium comprised of three units, each of which would contain one single-family residence.[1] The Objectors contend—and the circuit court agreed—that the condominium conversion violated restrictive covenants applicable to Tract 54, which prohibited that property from being divided into additional tracts. We too conclude that the condominium conversion violated the restrictive covenants. We therefore affirm the court's grant of summary judgment in favor of the Objectors.

## BACKGROUND

¶2    The Objectors own property on Cottage Row Road in the Town of Gibraltar in Door County. In 1993, the owners of fifty of the fifty-four tracts on Cottage Row Road executed and recorded an "Agreement Creating Restrictive Covenants." The stated purpose of the 1993 restrictive covenants was to "maintain[]

---

[1] The Door County Land Division Ordinance defines a "site condominium" as "[a] condominium as provided in Ch. 703, Wis. Stats., whereby the type of 'unit' is the first type described in s. 703.02(15), Wis. Stats."—i.e., "one or more cubicles of air at one or more levels of space." *See* DOOR CNTY., WIS., LAND DIVISION ORDINANCE § 8.03 (2019) (defining the term "site condominium"); WIS. STAT. § 703.02(15) (2019-20). The Land Division Ordinance further states that "[s]uch 'unit' provides the unit owner with the right to occupy a specific land area, or site." DOOR CNTY., WIS., LAND DIVISION ORDINANCE § 8.03 (2019) (defining the term "site condominium"). It is undisputed that the site condominium at issue in this case qualified as a "minor" site condominium under the Land Division Ordinance because it contained four or fewer units, each of which was less than ten acres in area. *See id.* (defining the term "minor site condominium").

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted. All references to the Door County Land Division Ordinance are to the 2019 version.

fair and adequate property values" and to "continu[e] all of the property described herein as a desirable residential part of the Town of Gibraltar."

¶3    In June 2018, Steven and Jacqueline Kane purchased two tax parcels on Cottage Row Road, which corresponded to Tracts 53 and 54 in the 1993 restrictive covenants.    This lawsuit concerns Tract 54, which consists of approximately 7.44 acres of land with frontage on Green Bay.  At the time the Kanes purchased Tract 54, it contained a main residence, a cottage, and a third structure. Sometime in 2019, the Kanes removed the third structure, leaving only the main residence and cottage on the property.

¶4    As relevant to Tract 54, the 1993 restrictive covenants state: "Tract 54 … contains three dwelling houses.  One additional dwelling house and such accessory buildings as may be permitted by the Door County Zoning Ordinance may be constructed, erected, placed or permitted on said tract.  Tract 54 may not be divided so as to create any additional tracts therefrom."  The Kanes were aware of the 1993 restrictive covenants before they purchased Tract 54.   They believed, however, that the restrictive covenants would not prohibit them from converting Tract 54 into a site condominium with multiple units.  The Kanes therefore developed a plan to convert Tract 54 to a site condominium comprised of three units, two of which they would sell.  The Kanes planned to retain the third unit and build a new single-family residence on it.  Thus, under the Kanes' plan, Tract 54 would ultimately contain three single-family residences—one on each condominium unit.

¶5    In furtherance of their plan, the Kanes filed an "Application for Minor Land Division" with the Door County Land Use Services Department ("the Department") on September 4, 2019.  Shortly thereafter, a group of Cottage Row

property owners sent the Kanes a letter asserting that the Kanes' plan to convert Tract 54 to a site condominium would violate both the 1993 restrictive covenants and the Door County zoning code. The letter demanded that the Kanes withdraw their "Application for Minor Land Division" and "cease and desist from all further efforts to create a site condominium and/or residential cooperative on any of Your Parcels, or in any other way seek to divide Tract 54 to create additional tracts or dwelling sites."

¶6      The Kanes did not withdraw their application. Instead, on September 18, 2019, they recorded a "Cottage Row Condominium Declaration," along with an attached condominium plat, with the Door County register of deeds. The following day, the Objectors filed the instant lawsuit, asserting that the Kanes' attempt to convert Tract 54 into a three-unit site condominium violated the 1993 restrictive covenants, which prohibited Tract 54 from being "divided so as to create any additional tracts therefrom." The Objectors sought temporary and permanent injunctive relief, and they later filed an amended complaint seeking a declaratory judgment that the condominium declaration and plat were void ab initio and that no condominium existed on Tract 54.

¶7      For reasons not relevant to this appeal, the Kanes subsequently withdrew their initial condominium declaration and plat. They transferred ownership of Tract 54 to Cottage Row Properties, which then recorded a document entitled "Cottage Row Condominium II Declaration," along with an attached condominium plat, on March 4, 2020.[2] Again, Cottage Row Properties sought to create a three-unit site condominium on Tract 54, with one single-family residence

---

[2] The Objectors' amended complaint added Cottage Row Properties as a defendant in this lawsuit.

on each unit. The Department approved the second condominium plat on the same day it was recorded.

¶8    Cottage Row Properties then submitted an application to the Department for zoning permits related to the construction of a single-family residence on Unit 3 of Cottage Row Condominium II. The Department issued those permits on April 3, 2020. Cottage Row Properties subsequently submitted a second "Application for Minor Land Division" to the Department, stating that Cottage Row Properties was attempting to create three "units" on Tract 54 as part of a "site condominium" "under Chapter 4, Door County Land Division Ordinance."

¶9    The parties ultimately filed cross-motions for summary judgment in the instant lawsuit. The Objectors argued that under the Door County Land Division Ordinance, the creation of a minor site condominium on Tract 54 constituted a land division and created three separate lots of record. As such, the Objectors asserted that the creation of the site condominium violated the 1993 restrictive covenants, which prohibited the division of Tract 54 into additional "tracts." Alternatively, the Objectors asserted that if Tract 54 remained a single lot of record, then: (1) the construction of an additional single-family residence on that lot would violate Door County's Comprehensive Zoning Ordinance; and (2) the new residence's setback of only forty-four feet from the ordinary high-water mark of Green Bay would violate Door County's Shoreland Zoning Ordinance.

¶10    Cottage Row Properties and the Kanes,[3] in turn, argued that the creation of a condominium is not a division of land under Wisconsin law, and that the applicable Door County ordinances do not treat the creation of a site

---

[3] For the remainder of this opinion, when discussing arguments made in this lawsuit by Cottage Row Properties and the Kanes, we refer to those parties collectively as "the Kanes."

condominium as a division of land into separate lots. The Kanes therefore asserted that their plan to create a site condominium on Tract 54 and construct an additional residence on one of the condominium units did not violate the 1993 restrictive covenants. The Kanes also argued that their construction of an additional residence on Unit 3 of the condominium would not violate Door County's Comprehensive Zoning Ordinance. They further asserted that the circuit court should not consider the setback issue, as an appeal of that decision was pending before the Door County Board of Adjustment. Alternatively, the Kanes contended that the proposed forty-four-foot setback for the new residence was permissible under Door County's Shoreland Zoning Ordinance.

¶11    In its written decision on the parties' summary judgment motions, the circuit court relied on the deposition testimony of Door County Zoning Administrator Rick Brauer for the proposition that, "for purposes of the Door County Ordinances, a minor site condominium constitutes a land division," and "any units created therein[] would constitute a lot of record and … all zoning issues concerning a minor site condominium would be treated exactly the same as other types of land divisions." The court reasoned:

> The fact that Door County treats a minor site condominium as a division of land creating new lots of record is what allows the county, under its Comprehensive Zoning Ordinance, to allow more than one single-family residence on Tract 54 because the minor site condominium created three units, which are considered lots of record.

> The [Kanes] have used the minor site condominium to create what Door County construes to be three parcels or lots of record from Tract 54. Before the minor site condominium was created, Tract 54 was one lot or lot of record.

¶12    Because the condominium conversion created three lots of record on Tract 54 and was treated as a land division under the Door County ordinances, the

circuit court concluded that it violated the 1993 restrictive covenants. The court explained:

> The Covenants do not allow Tract 54 to be divided to create additional tracts. That is exactly the effect of the minor site condominium. The minor site condominium, by the very nature of how it is construed by the Door County Ordinances, allows the creation of units which are construed as lots of record, and therefore, violates the very nature and spirit of the 1993 Covenants.

¶13 Given its conclusion that the creation of the minor site condominium on Tract 54 violated the 1993 restrictive covenants, the circuit court declined to address the other issues raised in the parties' summary judgment briefs. The court granted the Objectors' summary judgment motion, denied the Kanes' motion, and entered a permanent injunction restraining the Kanes from taking further action relating to the division of Tract 54. The court also barred the Kanes from selling any of the units created by the minor site condominium and declared that the Cottage Row Condominium II declaration and plat were void ab initio. The Kanes now appeal.

## STANDARDS OF REVIEW

¶14 We independently review a grant of summary judgment, applying the same standards as the circuit court. *Forshee v. Neuschwander*, 2018 WI 62, ¶13, 381 Wis. 2d 757, 914 N.W.2d 643. Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶15     In this case, the material facts are undisputed, and we must determine, based on those undisputed facts, whether the Kanes' creation of a site condominium on Tract 54 violated the 1993 restrictive covenants.   The interpretation of a restrictive covenant presents a question of law that we review independently. *Forshee*, 381 Wis. 2d 757, ¶14.   We also independently review whether the language employed in a restrictive covenant is ambiguous.  *Id.*   In addition, the interpretation of statutes and ordinances are questions of law for our independent review.  *Welter v. City of Milwaukee*, 198 Wis. 2d 636, 643, 543 N.W.2d 815 (Ct. App. 1995).

## DISCUSSION

¶16     The public policy of the State of Wisconsin favors the free and unrestricted use of property.  *Forshee*, 381 Wis. 2d 757, ¶16.  As such, restrictive covenants are strictly construed to favor the unencumbered use of property.  *Id.* Thus, in order to be enforceable, a restriction that limits the free use of property "must be expressed in clear, unambiguous, and peremptory terms."  *Id.* (citation omitted).

¶17     "In resolving contests about the meaning of a restrictive covenant … we do not look for amorphous general intent, but rather, we determine the meaning of the restriction by the words actually used."  *Id.*, ¶17.  If the language used in a restrictive covenant is ambiguous, we resolve any dispute about the meaning of the restriction in favor of the free use of property.  *Id.*  We will enforce the restriction, however, if its meaning can be clearly ascertained from the words of the restrictive covenant itself.  *Id.*, ¶18.

¶18     Here, the 1993 restrictive covenants state that Tract 54 "may not be divided so as to create any additional tracts therefrom."   Although the 1993

restrictive covenants do not define the terms "divided" or "tracts," we may rely on dictionary definitions to determine the ordinary meanings of those terms. *See id.*, ¶23. As relevant here, to "divide" means "to separate into two or more parts, areas, groups : split up." *Divide*, WEBSTER'S THIRD NEW INT'L DICTIONARY (unabr. 1993). "Tract," in turn, is defined as "a precisely defined or definable area of land." *Tract*, WEBSTER'S THIRD NEW INT'L DICTIONARY (unabr. 1993). The condominium conversion in this case clearly separated Tract 54 into two or more precisely defined areas of land—i.e., the three site condominium units. As such, applying the relevant dictionary definitions, the condominium conversion violated the unambiguous terms of the 1993 restrictive covenants by dividing Tract 54 into additional tracts.

¶19 The Kanes argue that this interpretation is contrary to WIS. STAT. § 703.37, which states: "For purposes of interpretation of this chapter, a condominium is a form of ownership, not a form of land use, and is not a subdivision as defined in [WIS. STAT.] ch. 236." The Kanes contend this language clearly demonstrates that a condominium is a form of ownership, not a division of land. There are two problems with this argument.

¶20 First, the Kanes ignore WIS. STAT. § 703.37's express limiting language "[f]or purposes of interpretation of this chapter." Under § 703.37, a condominium is a form of ownership, not a form of land use, and is not a subdivision as defined in WIS. STAT. ch. 236, *for purposes of interpreting WIS. STAT. ch. 703*, the Condominium Ownership Act. Consequently, by its express terms, § 703.37 does not apply to the interpretation of a restrictive covenant.

¶21 Second, while WIS. STAT. § 703.37 states that a condominium is a form of ownership and is "not a subdivision as defined in [WIS. STAT.] ch. 236," the

Objectors do not assert that the condominium conversion in this case qualifies as a subdivision under that definition. In fact, they concede that it does not.[4] Instead, the Objectors contend that while the condominium conversion is not a subdivision as that term is used in ch. 236, it nevertheless qualifies as a division of land into additional tracts for purposes of the 1993 restrictive covenants. Nothing in the plain language of § 703.37 prevents a restrictive covenant from treating a condominium conversion as a division of land distinct from a subdivision, as that term is used in ch. 236.

¶22 Moreover, we agree with the Objectors that Door County's Land Division Ordinance treats a minor site condominium like the one in this case as a division of land, and that the Wisconsin Statutes permit such treatment. WISCONSIN STAT. § 236.45 pertains to local subdivision regulation. Section 236.45(1) states, in relevant part:

> DECLARATION OF LEGISLATIVE INTENT. The purpose of this section is to promote the public health, safety and general welfare of the community and the regulations authorized to

---

[4] For purposes of WIS. STAT. ch. 236, the term "subdivision" means:

> [A] division of a lot, parcel, or tract of land by the owner thereof or the owner's agent for the purpose of sale or of building development and to which any of the following applies:
>
> 1. The act of division creates 5 or more parcels or building sites of 1 1/2 acres each or less in area.
>
> 2. Five or more parcels or building sites of 1 1/2 acres each or less in area are created by successive divisions within a period of 5 years.

WIS. STAT. § 236.02(12)(am)1.-2. The condominium conversion in this case clearly does not qualify as a subdivision under this definition because it did not create *five or more* parcels or building sites.

> be made are designed … to further the orderly layout and use of land; … to prevent the overcrowding of land; to avoid undue concentration of population; … [and] to facilitate the further resubdivision of larger tracts into smaller parcels of land.

In order to accomplish the purposes listed in subsec. (1), any county that has established a planning agency[5] "may enact ordinances governing the subdivision *or other division of land* that are more restrictive than the provisions of this chapter, except that no ordinance may modify in a more restrictive way time limits, deadlines, notice requirements, or other provisions of this chapter that provide protections for a subdivider." Sec. 236.45(2)(ac) (emphasis added). Section 236.45 "and any ordinance adopted pursuant thereto shall be liberally construed in favor of the … county and shall not be deemed a limitation or repeal of any requirement or power granted or appearing in this chapter or elsewhere, relating to the subdivision of lands." Sec. 236.45(2)(b). In addition, WIS. STAT. § 703.27(1) expressly states that a subdivision ordinance may apply to a condominium as long as the ordinance "is, by its express terms, applicable to condominiums and the application is reasonably related to the nature of condominium ownership."

¶23 Door County enacted its Land Division Ordinance pursuant to the authority granted by WIS. STAT. §§ 236.45 and 703.27. *See* DOOR CNTY., WIS., LAND DIVISION ORDINANCE § 1.02. One of the stated goals of the ordinance is to "[e]nsure a system for review of proposed site condominiums that is identical to the review procedures for land divisions. Such review of site condominiums is deemed appropriate because they function in the same manner as, and have the same neighborhood and environmental impacts as, land divisions." *Id.*, § 1.03(5).

---

[5] It is undisputed that Door County has established a planning agency for purposes of WIS. STAT. § 236.45(2)(ac).

11

¶24 To that end, the Land Division Ordinance regulates the creation of both minor land divisions (under Chapter 2 of the ordinance) and minor site condominiums (under Chapter 4 of the ordinance).[6] *See id.*, §§ 2.01-2.03, 4.01-4.04. With one exception that is not relevant here, the provisions of Chapter 2 and Chapter 4 are substantively identical.[7] *Compare id.*, §§ 2.01-2.03, *with id.*, §§ 4.01-4.03. A minor land division is created by the filing and approval of a certified survey map, and a minor site condominium requires the filing and approval of a minor site condominium plat, but both of those documents are subject to the same requirements. *Compare id.*, § 2.02, *with id.*, § 4.02. Minor land divisions and minor site condominiums are also treated identically under Chapter 6 of the Land Division Ordinance, which pertains to design standards, improvements, and dedications. *See id.*, §§ 6.01-6.08. Chapter 7 of the ordinance, which governs administration and enforcement, similarly treats minor land divisions and minor site condominiums identically. *See id.*, §§ 7.01-7.07.

¶25 The deposition testimony of Door County Zoning Administrator Rick Brauer confirms that, for purposes of the Land Division Ordinance, the Department treats a minor site condominium as a division of land:

> Q When the minor site condominium was approved was that considered to be a division of that property?

---

[6] Similar to a minor site condominium—which is a site condominium containing four or fewer units that are less than ten acres in area—a minor land division involves the "creation of 4 or fewer parcels that are less than 10 acres in area." *See* DOOR CNTY., WIS., LAND DIVISION ORDINANCE § 8.03 (defining "minor site condominium" and "minor land division").

[7] Chapter 4 of the Land Division Ordinance includes one additional section that is not present in Chapter 2. That section, which is entitled "Modifications and Corrections," provides: "Any modification or correction of a recorded site condominium plat or part thereof shall conform to all requirements of this Ordinance and shall be done in accordance with s. 703.095, Wis. Stats." DOOR CNTY., WIS., LAND DIVISION ORDINANCE § 4.04. Neither party argues that the inclusion of this additional section in Chapter 4 of the Land Division Ordinance is relevant to our analysis.

A      Yes.

Q      So for purposes of your Door County ordinances approval of that minor site condominium constituted a land division?

A      Yes.

Q      Is there any distinction between the way other types of land divisions such as Certified Survey Maps are treated for zoning purposes and the way in which a minor site condominium is treated for zoning purposes?

A      Essentially the same. They are the same.

Brauer also testified that under Door County's zoning code, each of the three condominium units on Tract 54 would constitute a separate lot of record. His unrefuted testimony therefore supports a conclusion that the condominium conversion at issue in this case violated the 1993 restrictive covenants by dividing Tract 54 into additional tracts.

¶26     The Kanes argue that in *FAS, LLC v. Town of Bass Lake*, 2007 WI 73, 301 Wis. 2d 321, 733 N.W.2d 287, our supreme court "confirmed that condominium declarations are not land divisions." We believe the Kanes overstate *FAS*'s holding. In *FAS*, the supreme court held that "a declaration of condominium is not a subdivision of land as defined in [WIS. STAT.] ch. 236." *FAS*, 301 Wis. 2d 321, ¶13. As discussed above, it is undisputed that no "subdivision" of land has occurred in this case for purposes of ch. 236.

¶27     Admittedly, the *FAS* court also stated: "[W]e have found no authority for the proposition that the recording of a declaration of condominium is a division of land, rather than simply a change in the form of ownership of the parcel." *FAS*, 301 Wis. 2d 321, ¶31. However, the court went on to note that neither party in *FAS* had developed an argument "that what occurred with the

recording of the condominium declaration and map is land division." *Id.*, ¶32. The court continued:

> [W]hatever the reason, we are not willing to parse the foundational requirements necessary for the application of the provisions of [WIS. STAT.] ch. 236. We simply note their absence and conclude that we have not been shown that any action taken relative to the creation of the condominium form of ownership brings the condominium parcel within the scope of ch. 236.

*FAS*, 301 Wis. 2d 321, ¶32. Thus, the *FAS* court's discussion of whether a condominium declaration constitutes a land division was formulated without the court having considered arguments developed by the parties on that issue. In addition, the *FAS* court discussed that issue in the context of determining whether the condominium parcel at issue in that case was subject to ch. 236. Here, the issue is whether the Kanes' condominium conversion resulted in a division of Tract 54 into additional tracts, therefore violating the 1993 restrictive covenants.

¶28 The Kanes also rely on *Herman v. County of Walworth*, 2005 WI App 185, 286 Wis. 2d 449, 703 N.W.2d 720, in support of their claim that the condominium conversion did not violate the 1993 restrictive covenants. In that case, Walworth County approved a conditional use permit (CUP) to construct two condominiums, each with two residential units, on two separate lots. *Id.*, ¶¶2, 5. The Town of Delavan petitioned for certiorari review, contending the County was required to defer to the Town's land division ordinance, which the Town claimed required the separate lots each containing two residential condominium units to conform to specific size and lake frontage requirements. *Id.*, ¶¶6, 8. We disagreed, concluding that the granting of the CUP did not accomplish a division of land, as "[t]he only question before the County Zoning Authority was whether the [property owners'] proposed development was an appropriate conditional use of their two

existing lots." *Id.*, ¶13. Unlike *Herman*, this appeal does not involve a CUP application; rather, it involves the creation of a minor site condominium through the recording of a condominium declaration and plat. For the reasons explained above, we conclude that action divided Tract 54 into additional tracts and therefore violated the 1993 restrictive covenants.

¶29 The Kanes also argue that the circuit court erred by basing its interpretation of the 1993 restrictive covenants on what it perceived to be the subjective intent of the drafters, rather than on the express language used. In particular, the Kanes appear to take issue with the portion of the court's decision in which it stated: "The minor site condominium, by the very nature of how it is construed by the Door County Ordinances, allows the creation of units which are construed as lots of record, and therefore, violates the very nature and spirit of the 1993 Covenants."

¶30 The Kanes are correct that when interpreting a restrictive covenant, a court should not consider "the subjective intent of the drafter, but [instead] the scope and purpose of the covenant as manifest by the language used." *See Zinda v. Krause*, 191 Wis. 2d 154, 166, 528 N.W.2d 55 (Ct. App. 1995). Their subjective intent argument fails, however, because although the circuit court referred to the "nature and spirit" of the 1993 restrictive covenants, its decision overall was clearly based on the restrictive covenants' unambiguous language stating that Tract 54 "may not be divided so as to create any additional tracts therefrom." Regardless, as noted above, both the interpretation of a restrictive covenant and the determination of whether its language is ambiguous are questions of law that we review independently. *See Forshee*, 381 Wis. 2d 757, ¶14. Thus, even assuming that the court improperly considered the subjective intent of the drafters when interpreting

the 1993 restrictive covenant, that error would not prevent us from affirming the court's ultimate decision.

¶31    Finally, the Kanes assert that the condominium conversion did not violate the 1993 restrictive covenants because it would have resulted in a total of three single-family residences on Tract 54, whereas the 1993 restrictive covenants allowed a total of four dwelling houses.  The provision in the 1993 restrictive covenants related to the permissible number of dwelling houses is not relevant to our analysis.  The Objectors have not alleged, and we have not concluded, that the condominium conversion violated that provision.  We instead conclude, for all of the reasons explained above, that the condominium conversion violated the provision in the 1993 restrictive covenants preventing Tract 54 from being divided into additional tracts.  We therefore affirm the circuit court's grant of summary judgment in favor of the Objectors.[8]

*By the Court.*—Judgment affirmed.

---

[8] The Objectors raise alternative arguments in support of the circuit court's summary judgment decision.  Specifically, they argue that if the condominium conversion did not divide Tract 54 into additional tracts, then the Kanes' plan to build a new residence on Tract 54 would violate Door County's zoning code because it would result in more than one single-family residence being located on a single lot of record.  In addition, they argue that if Tract 54 remains a single lot of record, then the forty-four-foot setback for the Kanes' new residence would violate Door County's Shoreland Zoning Ordinance.  Because we affirm the circuit court's grant of summary judgment on the grounds that the condominium conversion violated the 1993 restrictive covenants, we need not address these additional arguments. *See Turner v. Taylor*, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues raised by the parties if one is dispositive).